AMANDA L. TIFEL et al. *vs.* MARY E. JENKINS et al.

*Res Adjudicata—Injunction Refused to Party Concealing Material Facts in Bill.*

Plaintiff conveyed by deed certain land to defendant, receiving a conveyance of other land in exchange. Afterwards plaintiff filed a bill in equity to vacate her deed upon the grounds of fraud and undue influence, and that bill was dismissed after a hearing upon the merits. Plaintiff then filed the bill in this case asking that defendant be enjoined from trespassing upon the same land alleged to be in plaintiff's possession but the bill did not allege that she had conveyed it to the defendant and that the deed had been sustained in a Court of equity. *Held*, that the plaintiff is not entitled to an injunction not only because the bill conceals material facts but also because the question of the ownership of the land is *res adjudicata.*

Appeal from a decree of the Circuit Court for Baltimore County (Fowler, C. J. and Burke, J.)

The cause was argued before McSherry, C. J., Page, Boyd, Pearce, Schmucker and Jones, JJ.

*R. R. Boarman* (with whom was *J. J. Lindsay* on the brief), for the appellant.

*Richard M. Duvall*, for the appellees.

Boyd, J., delivered the opinion of the Court.

An injunction was issued by the Court below prohibiting the appellees from trespassing upon or doing other injuries men-

tioned in the bill to some real estate in the possession of the appellants. The appellees filed a petition in which they alleged certain irregularities in reference to the injunction bond that had been filed and also that all questions of title to the land in controversy had been determined in this Court in the case of *Tifel* v. *Jenkins*, in 93 Md. 744, and asking that leave be granted to take testimony in open Court in support of the petition. The Conrt ordered that the approval of the bond be stricken out and the order granting the injunction be rescinded unless cause to the contrary be shown, and leave was granted to the parties to take testimony in open Court. After hearing, a decree was passed rescinding the order granting the injunction, and dismissing the bill. An appeal was entered from that decree and also from the order to show cause, which need not be further referred to, in view of the conclusion we have reached.

The decree does not state whether testimony was taken, but it refers to the opinion of this Court in the case above mentioned, and to the fact that there was argument by the counsel of the respective parties. It was apparently admitted in the Court below, as we understand it to be in this Court, that the property in controversy is the same that was involved in the former case between these parties. The appellants contend, however, that that decision does not preclude them from having their title tried in a Court of law, and that they alleged such facts in the bill as entitled them to the injunction. The case as presented by the record is peculiar, as the right to have the injunction issue was not tested by any of the methods usually followed in our chancery practice, but there can be no doubt that the Court below was right in rescinding the order granting the injunction when that case was brought to its attention in the way it was. It is therefore not necessary to make a critical examination of the bill for the purpose of determining whether the plaintiffs made such allegations of ownership, or their right to the property, as would entitle them on the face of the bill to the relief sought, and we will only briefly state the important facts in the former case. Mrs. Tifel

and her then husband conveyed to Mrs. Jenkins the property in controversy, in consideration of Mrs. Jenkins and her husband conveying certain property to her. They were sisters and had received the respective properties from their father's estate. Mrs. Tifel filed a bill in equity seeking to have those deeds set aside and vacated, alleging that her deed "was not her free and voluntary act, having been obtained from her by fraud, and undue influence practiced upon her by the defendants." The Court below dismissed her bill and this Court affirmed that decree—sustaining the deeds and clearly and emphatically determining the charges of fraud and undue influence against her, after giving the testimony full consideration. The opinion not only discussed the evidence taken in that case, but dwelt at some length upon the fact that their father had obviously valued the property which Mrs. Jenkins conveyed to Mrs. Tifel higher than that which the latter had conveyed to the former, in exchange for it, as indicated by the provisions in his will. After the questions of fraud and undue influence had thus been settled, Mrs. Tifel and her husband filed this bill to enjoin the appellees from trespassing upon and otherwise injuring this same land alleged to be in their possession, but did not in any way intimate that she had conveyed it to Mrs. Jenkins, and that a Court of equity had sustained the deed she had made, in a suit she had brought to have it set aside. When that was brought to the attention of the Court it was not only its right, but its duty to at once rescind the order granting the injunction, which could not have been granted if the Court had been properly informed in the first instance.

Great stress was laid at the argument on the right of the appellants to have the title to the land settled in a Court of law, and it was contended that the Court below ought to have retained the injunction until that question was determined by such tribunal. What we have already intimated is a sufficient answer to that, for there must be a full and frank disclosure of all material facts to warrant so summary a remedy as that of injunction. "There must be no concealment and the *res*

*gestae* must be represented as they actually are." *Lamm* v. *Burrell*, 69 Md. 274. Many cases might be cited illustrating the application of that rule, but its violation in this instance was too apparent to require it.

But independent of that it is difficult to understand upon what principle the appellants now contend for the right to have the title settled by a Court of law. Mrs. Tifel elected to go into a Court of equity to have the validity of her deed passed on, and that case was determined against her on its merits. In *Martin* v. *Evans*, 85 Md. 8, it was said "if a question has once been tried and determined, without fraud or collusion, but on its merits by a Court having jurisdiction of the parties to the controversy, and of the subject-matter involved therein, it cannot be again litigated between the same parties in the same, or in any other tribunal, so long as the adjudication remains unreversed and in full and operative effect." There a Court of equity had determined the ownership of some bonds for which the same plaintiff afterwards brought an action of trover. A plea of *res adjudicata* was interposed and sustained. It was upon the well-known principle that the interest of the public requires that there should be an end of litigation between the same parties concerning the same subject, when a judgment has been fairly rendered on the merits. If these appellants still have any legal ground to base their claim to have a jury pass upon the alleged fraud of the appellees, in procuring the deed from Mrs. Tifel, they have not made it known in this bill.

So upon either ground we have mentioned, the action of the Court below in rescinding the order granting the injunction must be affirmed. The injunction was not ancillary, but was the primary and principal relief sought and therefore there was no occasion to retain the bill and hence it was properly dismissed.

> *Decree affirmed, appellants to pay the costs above and below.*

(Decided November 21st, 1902.)