(No. 12275.—Decree affirmed.)

EDWARD O'CALLAGHAN *et al.* Plaintiffs in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(JOHN T. QUICK, Defendant in Error.)

*Opinion filed October 27, 1919—Rehearing denied Dec. 3, 1919.*

WORKMEN'S COMPENSATION—*weight of competent evidence is not a question of law for court of review.* In a workmen's compensation case the weight of the competent evidence as to the extent of the injury does not present a question of law for a court of review, and where there is competent evidence to support the award it cannot be disturbed in the Supreme Court because such evidence is contradicted.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

ZIMMERMAN, GARRETT & RUNDALL, for plaintiffs in error.

D. J. NORMOYLE, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

John T. Quick, an employee of O'Callaghan Bros., engaged in the plumbing business, was injured July 12, 1915, by a fall from a step-ladder while at work in the line of his employment. Compensation was paid him for six weeks after the injury. A dispute then arose whether he was entitled to further compensation and the amount he was entitled to, if any. In November, 1915, Quick filed his application with the Industrial Commission for an award. By agreement, arbitration as provided by statute was waived and the application heard by the commission. It was stipulated that the injury for which Quick claimed compensation arose out of and in the course of his employment, and it was further stipulated that the character, nature and result of the injury "is as set forth in report of examination made by Dr. Charles Louis Mix," which report was dated December 7, 1915, a copy of which was filed with the commission. The stipulation further provided that the facts regarding the wages of Quick were to be developed. The commission filed its decision in May, 1916, awarding Quick six dollars per week for 409 weeks from August 30, 1915. The award appears not to have been paid, and September 22, 1916, Quick filed his petition to the circuit court of Cook county, pursuant to the provisions of the statute, for judgment. Three days after the filing of the petition for judgment, September 25, 1916, plaintiffs in error filed with the Industrial Commission a petition for a review of the award on the ground that the disability of Quick had ended. Notice was given and the hearing set for November 14, 1916. Before the hearing was had the circuit court on October 2 rendered judgment on the award in favor of Quick. The decision of the Industrial Commission on the petition for review on the ground that the disability had ended was filed March 13, 1917, and reduced the award to three dollars per week from that time to the end of the

period for which the award had previously been made.  On April 2, 1917, plaintiffs in error filed a bill in chancery in the circuit court of Cook county to review the decision of the Industrial Commission and to enjoin Quick, his agents and attorneys from suing out execution on the judgment rendered by the circuit court.  Defendant answered the bill, and upon a hearing the court entered a decree in January, 1918, confirming the decision of the Industrial Commission on review and ordering the payment of compensation at the rate of three dollars per week.  The decree also vacated the judgment previously entered upon the original award.  The trial judge certified the case was a proper one to be reviewed by this court, and the record is brought before us by writ of error.

Plaintiffs in error contend that the Industrial Commission exceeded its jurisdiction in making the award, for the reason that there was no legally competent evidence upon which to base the award.  It is argued that there was no evidence that the injury affected or reduced the earning power or capacity of the employee; that the proof showed he worked at the same employment, at the same kind of work and earned the same wages after the injury as before.  The application for compensation was by agreement heard before the Industrial Commission on the report of Dr. Mix as to the nature of the injury and the testimony of witnesses regarding the wages of Quick.  Dr. Mix's report on the nature and character of the injury is not mentioned or referred to in the abstract of plaintiffs in error. We assume, therefore, that, so far as the nature and character of the injury were concerned, it supported the award, and none of the steps authorized by statute were taken to review the decision of the Industrial Commission made in May, 1916.

After petition filed and notice given that application would be made to the circuit court for judgment on the award, plaintiffs in error petitioned the commission for a

review of the decision on the alleged ground that the disability had ceased. The hearing on the petition resulted, as we have said, in reducing the award to three dollars per week, and that is the decision the bill in chancery was filed to review. The statute provides for a court review of the decision of the Industrial Commission "only for errors of law appearing on the said record of the said board and the proceeding for review by writ of *certiorari* or bill in chancery shall be commenced within twenty days after receipt of notice of the decision of the board."

Plaintiffs in error claim there was no evidence tending to show Quick was not able to earn as much after the accident as he earned before, but that the evidence shows he was able to, and did, earn as much after his injury as he earned before he was injured. The injury resulted from Quick falling ten or twelve feet from a step ladder, striking on the side of the head. He was rendered unconscious for several hours. He was taken to a hospital, where he remained for a few days. Later he was taken to another hospital, where he remained eight days, and it was there discovered one of his ribs was broken. It is unnecessary to set out the testimony as to the nature of the injury, further than to say it was a rather severe injury. Quick claimed, and offered proof tending to show, the hearing in one ear was destroyed by the accident; that he was subject to dizziness and was afraid to work on a scaffold; that he was nervous, unable to read or close one of his eyes because of the injury. Seven weeks after the accident he went to work for M. J. Corboy & Co., plumbers, for whom he had worked before his injury. He received the same wages he had been getting while working for plaintiffs in error and did not lose a great deal of time. The foreman for Corboy & Co. testified there was no better workman than Quick before his injury but after that he was not reliable; that while working on one building he had to dispense with Quick's service; that when he was put on a

piece of work you could not tell what the result would be,— whether he would do it right or forget something; that his acts were peculiar at times. The proof also tended to show that the work Quick did after his injury, or the principal part of it, was where no scaffolding was required. He testified himself that on account of dizziness he was afraid to work when scaffolding was required; that sometimes while at work he became nervous and had to quit. There can be no doubt the proof offered on behalf of Quick tended to show his capacity for the kind of labor he had always been engaged in and his earning capacity were affected by the injury. Before that time he was able to work anywhere in the line of his employment, and one of his foremen testified there was no better workman. That the proof on behalf of plaintiffs in error was contradictory to that of Quick as to the effect of the injury on his ability to work and his earning power affords no basis which would authorize this court to review the decree of the circuit court. We have repeatedly held that the weight of the competent evidence does not present a question of law for our consideration. Where there is competent legal evidence to support the award, although there is contradictory evidence, we cannot disturb the award on that ground. *Chicago and Alton Railroad Co.* v. *Industrial Board,* 274 Ill. 336; *Munn* v. *Industrial Board,* 274 id. 70; *Big Muddy Coal and Iron Co.* v. *Industrial Board,* 279 id. 235.

There was competent evidence to support the award, and in the absence of fraud or any question of law it is binding on this court.

The decree is affirmed.

*Decree affirmed.*