No. 10,038.

THE LONDON GUARANTEE &· ACCIDENT CO., ET AL. *v.* THE INDUSTRIAL COMMISSION, ET AL.

Decided July 5, 1921.

Proceeding under the workmen's compensation act. Judgment for claimant.

*Affirmed.*

1. WORKMEN'S COMPENSATION—*Finding of Commission.* A finding of the industrial commission that claimant's disability amounts to, "permanent partial disability equal to ten per cent of permanent total disability," held sufficient upon which to base an award.

2. *Disability.* The term "disability" is not restricted to such disability as impairs present earning power at a particular occupation, but embraces any loss of physical function which detracts from the former efficiency of. the body or its members in the ordinary pursuits of life.

3. *Compensation—Computation.* The contention of plaintiffs in error, that the method of computation used in the case under consideration, was erroneous, overruled on the authority of Employers Mutual Co. v. Industrial Commission, 65 Colo. 283.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. B. B. MCCAY, Mr. WM. E. HUTTON, for plaintiffs in error.

Mr. VICTOR E. KEYES, attorney general, Mr. JOHN S. FINE, assistant, for defendants in error.

Mr. Justice Whitford delivered the opinion of the court.

In this case it is sought to set aside a finding and award of the Industrial Commission. The Commission made this finding:

"That it has been established as a result of the accident described in the agreement above referred to, and in which it is stated that the claimant ruptured the canal of his bladder; that the claimant has sustained a permanent partial disability equal to ten per cent. of permanent total disability; that said disability arises from the nervous shock sustained by the claimant as a result of the injuries described in the agreement above referred to, and its consequent effect upon his bodily health; that it has been established as a result of the accident above described, the claimant has sustained for all practical purposes a total loss of sexual power."

It is urged that there is no finding by the Commission which supports the award, because there is no finding of an impairment of earning capacity. This objection cannot be sustained. The accident occurred December 27th, 1917. More than a month after the accident plaintiff in error agreed in writing, and the agreement was approved by the Commission, to pay $8.00 per week during the continuance of disability. Payments were made in virtue of this agreement for six weeks, after which a final hearing was had on December 23rd, 1919, for the sole purpose of determining the extent of the disability, if any, of the claimant. The Commission thereupon found the extent of claimant's disabilities to be "permanent partial disability equal to ten per cent of permanent total disability." We think this finding of the Commission is sufficient to sustain the award. We have carefully examined the evidence, although not required by statute to do so, and the findings of the Commission are sustained by sufficient competent evidence.

It appears from the record that the injury was inflicted

by falling astride of a stay, rupturing the urethra and causing a loss of a part of the scrotum. The physician testified, "The tissues were badly lacerated and the urethra was not only torn in one but two or three places, and portions of the urethra entirely destroyed * * *; had considerable gangrene of the scrotum * * *; that the question was whether he was going to live; whether he would not die from the poisoning; whether he would not have degeneration of the testicles or a running sore as a result of the injury." The evidence was that when he returned to work he was nervous and irritable and weak physically; that he suffered from a general sense of tiredness or lassitude; that he was impotent, that there was a lack of "pep," that he was inactive physically; that prior to the injury he was a man of unusual physical strength and power of endurance; that after the accident and at the time of the final hearing there was a marked loss of vitality and a lack of ability to carry on protracted physical exertion without periods of rest during working hours; that he is not the man he was two years ago. With this evidence before it, the Commission could very properly find a loss of ten per cent of efficiency.

It is further claimed that the evidence shows that the claimant was making more at the time of the award than he was before the accident, and in order to support the award there must be a finding of impaired earning capacity. The amount of wages paid by the former employer to the workman after the injury, as compared with wages received before, is not conclusive of the question of the workman's disability. The question is, Has the workman's physical and mental efficiency been substantially impaired, and to what extent, and for what time will this impairment extend into the future? The spirit of the Act is to compensate the workman for his disability for the period of its duration.

In *Burbage v. Lee,* 87 N. J. L. 36, 93 Atl. 859, the New Jersey supreme court says: "The term 'disability' is not restricted to such disability as impairs present earning

power at the particular occupation, but embraces any loss of physical function which detracts from the former efficiency of the body or its members in the ordinary pursuits of life."

The same court says, in *De Zeng Standard Co. v. Pressey*, 86 N. J. L. 469, 92 Atl. 278: "The prosecutor's principal claim is that there cannot be a statutory 'disability' when it appears that the earnings of the petitioner had not been impaired. With this we cannot agree. It may well be that for a time an injured employe might be able to earn the same wages as before the accident, but, as we, read the act, the disability intended thereby is a disability due to loss of a member, or part of a member, or of a function, rather than the mere loss of earning power. Even if this were not so, it does not follow that the injured employe had not sustained a distinct loss of earning power in the near or not remote future and for which the award is intended to compensate."

The Kansas supreme court says: "The defendant argues that within two weeks after the injury the plaintiff was employed by the defendant at the same wages at which he had been employed previous to receiving the injury. * * * If this employment relieved the defendant of liability, then any employer can escape liability for compensation by retaining the injured employe and paying him wages, although he may not be able to do as good work after the injury as he did before. * * * The injured employe has a right to compensation for his injury. It does not matter that his employer continues to accept his services and pay him regular wages, unless that employment continues for the entire period for which compensation might be allowed. The act fixed the liability when the employe was injured. That liability can be discharged only in the, manner directed by the statute." *Gailey v. Peet Bros. Mfg. Co.,* 98 Kan. 53, 157 Pac. 431.

Corpus Juris, (advance sheet) Workmen's Compensation Acts, page 95, says: "Under other statutes it has been held that there may be compensation for disability although

there is no immediate impairment of earnings, if the employe's physical efficiency has been substantially impaired. * * * In any event, it would appear that the fact that, after the injury the employe had been taken back as soon as he was able to work, and continued in his employment by his former employer, is inconclusive as against impairment of his earning capacity."

Honnold on Workmen's Compensation, Sec. 155, says: "Disability usually means more than mere loss of earning power, the fact that an injured workman is employed at the same work and the same wages after the injury as before will not disentitle him to compensation if his physical efficiency has been substantially impaired."

It is further objected that the method of computation was erroneous and the amount awarded excessive. We think this objection is without merit. The contentions now made by counsel were carefully considered and determined in *Employers Mutual Insurance Co. v. The Industrial Commission*, 65 Colo. 283, 176 Pac. 314, and the method of calculation adopted in that case must be the rule of calculation in this case.

The judgment of the district court is affirmed.

MR. JUSTICE TELLER and MR. JUSTICE DENISON concur.