## BALTIMORE PUBLISHING COMPANY ET AL. *v.* MAURICE W. HENDRICKS.

[No. 26, October Term, 1928.]

*Decided November 21st, 1928.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, and SLOAN, JJ.

*G. Randolph Aiken,* with whom were *Austin J. Lilly* and *Clapham Murray, Jr.,* on the brief, for the appellants.

*Leon H. A. Pierson,* with whom was *Richard E. Preece* on the brief, for the appellee.

ADKINS, J., delivered the opinion of the Court.

Maurice W. Hendricks, the appellee, an employee of the Baltimore Publishing Company, one of the appellants, was on April 16th, 1926, struck on the head by a stone, the accident arising out of and in the course of his employment as a substation manager. The other appellant, the Maryland Casualty Company, was the insurer. At the time of the accident Hendricks was sixteen years of age, and his salary with commissions averaged twelve dollars per week. He was totally disabled for work for six or seven months, and was awarded by the Industrial Accident Commission, on May 14th, 1926, eight dollars a week during the continuance of his total disability, which was paid by appellants for a period of twenty-three and two-thirds weeks, terminating the first day of October, 1926. On September 9th, 1926, Hendricks filed a second application for compensation, being for permanent partial disability resulting from loss of hearing of his right ear caused by said accident, and was awarded compensation for total loss of hearing in one ear at the rate of eight dollars per week for fifty weeks, being the full schedule allowance for that specific injury, payment of said compensation to begin as of October 2nd, 1926, at the termination of the award for temporary total disability. Compensation under the second award was paid by appellants. On or about October 1st, 1926, Hendricks returned to work with the Baltimore Publishing Company, in his former position, and regularly earned from fourteen to sixteen dollars per week in salary and commissions, without losing any time until December, 1927, at which time he was laid off because of a change in

management, and not because of any disability on his part in or for the performance of his work. On November 1st, 1927, he filed a third application, this time for compensation for disability claimed to be the result of the loss of sense of equilibrium, as manifested by certain attacks of dizziness or vertigo which he, as claimed, suffered whenever he became excited, and which attacks were claimed to be the result of injury to the vestibular tract of the right ear caused by the accident. The commission awarded him additional compensation for permanent partial disability in the sum of $1,000, payable at the rate of eight dollars per week for one hundred and twenty-five weeks, to begin as of the date of the termination of the compensation under the second award. This additional compensation for permanent partial disability, as alleged, was made under subcaption "Other Cases." From this last award an appeal was taken to the Baltimore City Court. At the hearing upon the third application for compensation before the commission, and at the trial upon appeal to the Baltimore City Court, the physicians produced as witnesses by the appellants testified that in their judgment the symptoms and attacks of dizziness complained of were temporary and would gradually improve and within the next three years entirely disappear; and the physicians testifying for the claimant said in their judgment the symptoms and attacks of dizziness were permanent in their nature.

On February 21st, 1928, about three months after he was laid off by the Baltimore Publishing Company, Hendricks secured work as an ordinary laborer at the plant of the Crown Cork and Seal Company, where he worked continuously and was still employed at the time of the trial before the Baltimore City Court on February 28th, 1928, earning thirty cents per hour, or $13.50 per week, the regular wage paid by said company for such work. A physician testifying for claimant stated that in his opinion the claimant could not perform any work which required great change of position, or any work in the water, such as swimming; he could only work on the ground.

The above is an agreed statement of facts for the record, counsel agreeing that it was unnecessary, for the proper determination of the issues in this case, that the proof be set out *in extenso,* and further agreeing that said facts are the only facts that are pertinent to the issues, and constitute an accurate digest and résumé of the testimony adduced in the trial before the commission and before the court.

There was but one issue submitted to the jury, and that at the request of appellants, viz: "Does the alleged loss of balance or sense of equilibrium complained of by Maurice W. Hendricks constitute a permanent partial disability?"

Appellants offered three prayers:

The first asked for a directed verdict in favor of the employer and insurer on the ground that there was no evidence legally sufficient to entitle the claimant to recover.

The second asked for an instruction that the presumption of correctness in favor of the award and decision of the commission was a rebuttable one, that is to say, subject to evidence tending to prove that said award is incorrect.

The third presented the proposition that the jury should answer the issue "No" if the jury should find from the evidence that the average weekly wages of claimant since the accident had been equal to or greater than his wages per week at the time of the accident.

The court granted the second prayer and refused the first and third. The only bill of exception is to the refusal of said prayers. The first prayer is bad in form. *Schiller v. Balto. & O. R. Co.,* 137 Md. 240.

The third prayer was also properly refused. We have more than once decided that the only function of juries in cases under the Workmen's Compensation Law is to pass on issues of fact. *Schiller v. Balto. & O. R. Co., supra; Jewel Tea Co. v. Weber,* 132 Md. 178; *Bethlehem Shipbuilding Corp. v. Simmons,* 143 Md. 506.

On the issue of fact submitted to the jury in this case the amount of wages received by the claimant was immaterial.

The question mainly stressed on this appeal and embodied in the third prayer should have been raised below by a prayer

asking the court to pass upon the proposition in an instruction to itself in the form of a declaration of law. It is for the court and not the jury to decide whether the commission "has exceeded the powers granted it by the article, whether it has misconstrued the law and facts applicable to the case decided."

But even if the prayer had been presented in proper form, as a proposed instruction to the court, we think it should have been refused. The test provided by the statute under the subcaption "Other Cases" in section 36, article 101 of the Code, is not loss of wages, but loss of earning capacity. This is recognized in the citation by appellants from 28 *R. C. L.* 819. It is there stated only as "a general proposition" (in the sense of "ordinarily") that the fact of earning the same wages after the accident as before should be a bar to the award of compensation. And in the cases cited by appellants to support their contention it does not appear that the claimants were boys with natural expectation of increased earning power.

This provision of section 36 must be considered in connection with section 47, which provides: "If it be established that the injured employe was of such age and experience when injured as that under the natural conditions his wages would be expected to increase, this fact may be considered in arriving at the average weekly wage." See *Claremont Country Club v. Industrial Accident Commission,* 174 Cal. 395; *Kilberg v. Vitch,* 171 App. Div. 89, 156 N. Y. Supp. 971.

There are many cases which repudiate the test contended for by appellants even where the claimants are adults. A well reasoned case along this line is *Stoica v. Swift & Co.,* 100 Neb. 434. See also *Jackson v. Hunslet Engine Co., Ltd.,* 113 Law Times Reports 630; *Roylance v. Can. Pac. R. Co.,* 14 B. C. 20; *Gailey v. Peet Bros. Mfg. Co.,* 98 Kan. 55; *London Guarantee & Accident Co. v. Industrial Commission,* 70 Colo. 256; *DeZeng Standard Co. v. Pressey,* 86 N. J. L. 469; *O'Callaghan v. Industrial Commission,* 290 Ill. 222; *Honnold on Workmen's Compensation,* 582.

We are unable to say on the record that there was no evidence to support the finding of the commission.

We have no difficulty with the contention made by appellants that it was error to base two awards for compensation upon the same character of disability.

It is clearly contemplated by the statute that the commission shall consider from time to time any new disability, provided the aggregate of allowance for permanent partial disability shall not exceed $3,000. It is expressly provided in the "Other Cases" clause that the award shall be "subject to reconsideration of the degree of such impairment by the commission on its own motion or upon application of any party in interest. The last clause of section 40 provides: "If changes of circumstances warrant an increase or rearrangement of compensation, like application shall be made * * *." And by the last clause of section 43 it is provided: "If aggravation, diminution or termination of disability takes place *or be discovered after* the rate of compensation shall have been established *or compensation terminated* in any case, the commission may, upon the application of any party in interest or upon its own motion, readjust for future application the rate of compensation in accordance with rules in this section provided or, in a proper case, terminate the payments." And section 54 provides: "The powers and jurisdiction of the commission over each case shall be continuous and it may from time to time make such modifications or change with respect to former findings or orders with respect thereto as in its opinion may be justified." Section 63: "The rule that statutes in derogation of the common law are strictly construed shall have no application to this article; but this article shall be so interpreted and construed as to effectuate its general purpose." Section 64: "In any proceeding for the enforcement of a claim for compensation under this article, it shall be presumed in the absence of substantial evidence to the contrary: (a) That the claim comes within the provision of this article * * *."

*Judgment affirmed, with costs to appellee.*