BALTIMORE TUBE COMPANY, INC., ET AL. *v.*
CHARLES DOVE.

[No. 95, October Term, 1932.]

88

*Decided January 18th, 1933.*

The cause was argued before BOND, C. J., PATTISON, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Fendall Marbury,* with whom were *William L. Marbury* and *L. Wethered Barroll* on the brief, for the appellants.

*George Farber* and *Maurice J. Pressman,* for the appellee.

PATTISON, J., delivered the opinion of the Court.

The claimant, Charles Dove, on the 10th day of June, 1925, while in the employment of the Baltimore Tube Company, one of the appellants, suffered an accidental injury causing hernia, which necessitated an operation. Upon application made by the claimant, he, on July 3rd, 1925, was awarded compensation by the State Industrial Accident Commission for temporary total disability to August 22nd, 1925. On the next day, August 23rd, he returned to work, but he was unable to do the work he had been doing before his accident. His foreman had been discharged in his absence, and he was given the lighter work of foreman at the same wages he had been receiving. He continued in this position until

1929, without returning to his former work, to which he was to be assigned as soon as he was able to do it.

It seems that phlebitis developed from the operation for hernia, and this produced varicose veins in both legs, and as a result of this condition he was not able to stand for any great length of time without becoming tired and exhausted, when he had to sit down and rest. In addition to the injury to his legs, the claimant complained of a recurrence of the hernia, and the development of varicosity affecting his side. In consequence of these injuries from which he was suffering, in 1929 he petitioned the commission to re-open the case to determine the nature and extent of his disability. In his petition he alleged: "When I signed the final settlement receipt (1925) I was not well, but was told that I would improve. I have not improved and have requested an operation, which has been refused."

A hearing was had upon his petition, and testimony was taken in support of his complaint both as to the injuries to his legs and to his side. The hearing resulted in a denial of his petition. An appeal was taken therefrom to the Baltimore City Court, and the case was tried therein on the single issue offered by the claimant, which was as follows: "Was the claimant disabled after August 22nd, 1925, as a result of the accidental injury sustained by him on June 10th, 1925, arising out of and in the course of his employment." The verdict on this issue was "Yes," thereby reversing the decision of the commission. The case was remanded to the commission, whereupon the claimant, on March 21st, 1932, wrote the commission asking it "to set this case for an early hearing for the purpose of determining the extent of disability." Thereafter a hearing was had by the commission, at which the testimony that had been taken upon the petition to re-open, along with additional evidence taken before the commission, was considered by it. The hearing resulted in the passage of an order by the commission, dated April 16th, 1932, by which the order previously passed upon the petition to re-open the case was rescinded and annulled, and in lieu thereof it was ordered "that the Baltimore Tube Com-

pany, Inc., employer, and Travelers' Insurance Company, insurer, pay unto Charles Dove compensation at the rate of $18.00 per week, payable weekly, for the period of eighty-seven and one-half weeks for permanent partial disability occasioned by twenty-five per cent. loss of use of each leg, and fifty-five and five-ninths weeks for further permanent partial disability under 'Other cases,' not to exceed $1,000; Payments of compensation for permanent partial disability to begin at the end of the compensation period awarded for temporary total disability under order of July 13th, 1925." From this order of the commission, an appeal was taken to the Court of Common Pleas in Baltimore City. The case was heard by the court sitting as a jury, and the order of the commission was by it affirmed. It is from that judgment that the appeal in this case was taken.

In the trial of the case, three prayers were offered by the claimant. The first and second were granted; the third refused. The employer and insurer offered one prayer, which was refused, and specially excepted to the plaintiff's third prayer, which, as we have said, was rejected. Their special exception was overruled.

The first prayer of the claimant was to the effect that the evidence shows "that a jury in the Baltimore City Court in a former trial between the parties * * * involving the question of the disability of the claimant from the accidental injury of June 10th, 1925, * * * arising out of and in the course of his employment by the Baltimore Tube Company, determined that the claimant was disabled in his right side after August 22nd, 1925; and that the disability was due to the aforesaid injury, and the said verdict and judgment thereon are absolute and final, and the employer-insurer are thereby estopped from denying that the claimant was so disabled, and that the disability was due to the said injury, and if the court finds that the disability in his right side is permanent in character, then he is entitled to receive compensation therefor, even though the court should further find that he has been receiving the same wages before and after his accidental injury of June 10th, 1925."

By claimant's second prayer it was stated as a matter of law "that if the court finds that he is permanently disabled in his right side, then he is entitled to receive compensation therefor, even though the court should further find that the claimant has been receiving the same wages before and after his accidental injury of June 10th, 1925."

By claimant's third prayer, which, as we have said, was refused, it is stated as a matter of law "that if the court finds that the amount and number of weeks awarded the claimant by the State Industrial Accident Commission for the disability in his right side is less than the claimant should be paid therefor, then the court can allow him more than one thousand dollars, or more than 55 5/9 weeks, not to exceed three thousand dollars."

The special exception of the employer and insurer was to this rejected prayer, on the ground that there was no evidence "contained in the record before the court legally sufficient to prove that the amount and number of weeks awarded the claimant by the State Industrial Accident Commission for the alleged disability in his right side is less than the claimant should be paid therefor." This ruling of the court becomes immaterial and of no consequence, inasmuch as the prayer, to which this special exception was made, was rejected.

The court was asked by the employer's and insurer's prayer, which was rejected by it, to state as a matter of law that upon the record before it the commission "misconstrued the law in awarding claimant compensation at the rate of eighteen dollars per week for a further period of fifty-five and five-ninths weeks for further permanent partial disability under sub-caption 'Other Cases' of section 36 * * * and that therefore the order of the commission from which this appeal is taken should be reversed as to such portion thereof as contains said award."

As stated by the appellants in their brief: "The questions raised by this appeal are confined to that portion of the commission's order wherein compensation was awarded on account of the alleged condition of the claimant's right side

under the provision designated as 'Other Cases' in article 101, sec. 36, sub-section 3, relating to permanent partial disability. The other portion of the commission's order, relating to the condition of the claimant's legs, is not disputed, the employer and insurer having fully paid the award contained in that portion of the order, shortly after it was passed by the commission."

The claimant's first prayer is assailed upon the grounds: (1) That it contains the instruction that, as the jury in the Baltimore City Court at the former trial found that the claimant was disabled in his right side after August 22nd, 1925, as a result of an accidental injury received by him arising out of and in the course of his employment with the Baltimore Tube Company, the verdict and judgment thereon are absolute and final, and the employer and insurer are thereby estopped from denying that the claimant was so disabled, and that the disability was due to said injury; and (2) that the claimant was entitled to receive compensation therefor, "even though the court should further find that he has been receiving the same wages before and after his accidental injury" resulting in such disability.

Involved in this prayer may be found the further question, presented by the employer and insurer, that the award of compensation made for injury to the claimant's right side, under subcaption "Other Cases," is not in accord with the provisions therein contained as to the manner or method of making awards in those cases.

In considering the first of these objections, attention will again be called to the fact that at the first trial the only issue submitted to the jury for its consideration was whether or not the claimant was disabled after August 22nd, 1925, as a result of the accident, the answer to which was "Yes." The contention of the appellants is that, while the jury by their verdict found that the claimant was disabled, after the time mentioned, as a result of the accident, they did not by their verdict state from which of the two injuries (the one to his side or the one to his legs) the disability resulted.

Therefore a finding by the jury that the disability resulted from the injury to the legs only would be consistent with their verdict, and it could not properly be said, as stated in the prayer, that the jury had found that the disability resulted from the injury to the side.

The record in the former case, which forms a part of this record, contains the prayers offered and passed upon therein. The claimant offered three prayers, all of which were granted. The first two were directed to the injury of the legs, and the third to the injury to the side. The only prayer offered by the defendant was granted. This was upon the burden of proof. Other issues could have been submitted to the jury by which a more specific finding could have been had as to the sources of the injury resulting in the claimant's disability. But this was not done, and the case went to the jury on the one issue, and the answer thereto was "yes."

As stated in the record before us, the case was remanded by the Baltimore City Court to the commission "for further proceedings," and evidence was thereafter heard and considered by the commission, some of which related to the nature of the disability. Thereupon the commission directed the employer and insurer to pay unto the claimant compensation at the rate of so much per week for a period of time mentioned therein for loss of use of each leg, and as compensation so much per week for so many weeks for the disability resulting from the injury to claimant's side.

In passing upon the first objection urged against this prayer of the claimant, we are to inquire whether the jury by its answer "yes" to the issue decided that the claimant was disabled in his right side after August 22nd, 1925, and that disability was due to that injury, as stated in the prayer. And, should we find the answer did not so decide, we must hold there was error in the instruction.

It is said in 34 *Corpus Juris*, 868, in discussing the doctrine of *res adjudicata*, that "a fact or question which was actually and directly in issue in a former suit, and was there judicially passed upon and determined by a domestic court of competent jurisdiction, is conclusively settled by the judg-

ment therein, so far as concerns the parties to that action and persons in privity with them, and cannot be again litigated in any future action between such parties or privies, in the same court or in any other court of concurrent jurisdiction, upon either the same or a different cause of action. This doctrine, that a fact or question which has been actually and directly in issue in a former suit and has been judicially passed upon and determined by a domestic court of competent jurisdiction cannot be litigated again in a subsequent suit between the same parties or their privies, is simple and universally recognized in almost innumerable cases, the only conflict being in its application to particular cases." See *Christopher v. Sisk,* 133 Md. 48, 104 A. 355; *Mister v. Thomas,* 122 Md. 445, 89 A. 844; *Emmert v. Middlekauff,* 118 Md. 399, 84 A. 540; *Tifel v. Jenkins,* 95 Md. 665, 53 A. 429, 430; *Johnson v. Stockham,* 89 Md. 368, 43 A. 943, 944; *Martin v. Evans,* 85 Md. 8, 36 A. 258.

In *Johnson v. Stockham, supra,* Chief Judge McSherry, speaking for this court, said: "When an issue has once been fairly tried in a court having jurisdiction of the parties and of the subject-matter, and has been finally decided on its merits, it cannot, except upon appeal, be again controverted by the same parties in the same or in any other tribunal." And in the later case of *Tifel v. Jenkins, supra,* Chief Judge Boyd, speaking for the court, said (quoting from *Martin v. Evans, supra*) : "If a question has once been tried and determined, without fraud or collusion, but on its merits, by a court having jurisdiction of the parties to the controversy, and of the subject-matter involved therein, it cannot be again litigated between the same parties in the same or in any other tribunal, so long as the adjudication remains unreversed and in full and operative effect."

It may, we think, be said, upon the evidence offered and the specific instructions of the court in respect thereto, that the issue whether the claimant was disabled after August 22nd, 1925, as a result of the accidental injury to his side sustained by him on June 10th, 1925, was one of the issues presented to the jury for its determination. Therefore the

sole question is: Was that issue determined by it? The contention of the appellant is that it was not, the ground therefor being that "a finding by the commission that claimant's disability was due solely to the condition of his legs would have been entirely consistent with the verdict of the jury," and the commission was not to assume that the disability resulted from injuries both to the claimant's legs and side.

The appellee contends that there was a determination of this issue by the jury's verdict, and in his brief states that, "where several issues are involved in a case and a general verdict is rendered it will be presumed that all of the issues were found for or against the plaintiff, and if he wishes to avoid this result, he must either procure a special finding or verdict respecting each of the issues, or must establish by extrinsic evidence that the finding was upon some only of them." In support of this contention the appellee cites the case of *Fahey v. Esterley Machine Co.*, 3 N. D. 220, 55 N. W. 580.

An examination of that case discloses that it does not support the contention of the appellee. Quoting from the syllabus of that case, it is said: "If a judgment may have been based upon either of two or more issues presented in the pleadings it is not conclusive upon either unless evidence is received to show which issue was in fact determined as the ground of the former adjudication. Uncertainty as to what was in fact decided is fatal to the use of a judgment as an estoppel." And in that case the court, quoting from Coke, said: "According to Coke, an estoppel must be certain to every intent; and if upon the face of a record anything is left to conjecture as to what was necessarily involved and decided, there is no estoppel in it when pleaded, and nothing conclusive in it when offered as evidence. It is undoubtedly settled law that a judgment of a court of competent jurisdiction, upon a question directly involved in one suit, is conclusive as to that question in another suit between the same parties. But to this operation of the judgment it must appear, either upon the face of the record, or be shown by extrinsic evidence, that the precise question was raised and

determined in the former suit. If there be any uncertainty upon this head on this record,—as, for example, if it appear that several distinct matters may have been litigated, upon one or more of which the judgment may have passed without indicating which of them was thus litigated, and upon which the judgment was rendered,—the whole subject-matter of the action will be at large, and open to a new contention, unless this uncertainty be removed by extrinsic evidence showing the precise point involved and determined."

It is in the notes to that case in 44 Am. St. Rep. 565 that language similar to that quoted from appellee's brief is found, and it is there spoken of as being in opposition to the great weight of authority, supported only by a few decisions, among them being *Day v. Vallette,* 25 Ind. 42; *Baxter v. Aubrey,* 41 Mich. 13, 1 N. W. 897; *Hall v. Zeller,* 17 Or. 381, 21 P. 192; *White v. Simonds,* 33 Vt. 178. In each of these cases the original judgment was for the defendant, and in them were a number of defenses denying the plaintiff's right to recover. When the judgment was offered in a subsequent case as a defense by way of estoppel, it was held that the presumption was that each and all of the defenses had been passed upon and determined in favor of the defendants. This is true, not only of the cases above mentioned, but also of the cases cited in those cases in support of the principle stated. We have examined the cases of *Whitehurst v Rogers,* 38 Md. 503, and *Trayhern v. Colburn,* 66 Md. 277, 7 A. 459, cited by the appellee, and we find they do not support his contention.

In this case, the verdict upon the issue before it was in favor of the claimant. Had it been in favor of the defendant and the answer to the issue had been "No," it would have determined both of the questions presented, for, if the claimant was disabled as a result of either of the injuries complained of, the answer could not have been "No." In such case, the determination of both issues was essential to the finding of the jury. This was not true, however, when the jury found for the claimant, and answered the issue "Yes," for upon that finding it was not essential that both

questions should have been determined. This answer, or verdict of the jury, was consistent with a finding that the disability resulted from an injury to the legs only. With the uncertainty of the meaning of the answer to the issue, which uncertainty has not been removed, the answer was not effective as an estoppel, and we are constrained to hold that the instruction was erroneous.

The second objection to this prayer of the claimant presents a question as to what is meant by the term "wage earning capacity" as used in the statute in this class of cases, and how the want of such capacity may be ascertained. It is stated by the prayer under discussion that, "if the court finds that the disability in claimant's right side is permanent in character, then he is entitled to receive compensation therefor even though the court should find further that he has been receiving the same wages before and after his accidental injury of June 10th, 1925."

It appears from the record, as already stated, that the claimant, upon his return to the employment of the tube company, was unable to do the work at which he was employed when the accident occurred, and that such disability continued and existed at the time of the trial of this case; that, because of his inability to do the work at which he was formerly employed, his employer gave him other work of a lighter character, and paid him therefor the same wages that he had received for his former work. It is contended by the employer and insurer that, while he is receiving, and has received, since his return to work after the accidental injury, the same wages that he received at the time of the injury, there is no loss of earning capacity within the meaning of the statute resulting from the injury sustained.

This question was presented in *Baltimore Publishing Company v. Hendricks,* 156 Md. 74, 143 A. 654, 655. Judge Adkins, speaking for this court in that case, said in reply thereto:

"The question * * * should have been raised below by a prayer asking the court to pass upon the proposition in an

instruction to itself in the form of a declaration of law. It is for the court, and not the jury, to decide whether the commission 'has exceeded the powers granted it by the article, whether it has misconstrued the law and facts applicable to the case decided.'

"But even if the prayer had been presented in proper form, as a proposed instruction to the court, we think it should have been refused. The test provided by the statute under the subcaption 'Other Cases' in section 36, article 101, of Code, is not loss of wages, but loss of earning capacity. This is recognized in the citation by appellants from 28 *R. C. L.* 819. It is there stated only as 'a general proposition' (in the sense of 'ordinarily') that the fact of earning the same wages after the accident as before should be a bar to the award of compensation. And in the cases cited by appellants to support their contention it does not appear that the claimants were boys with natural expectation of increased earning power. * * *

"There are many cases which repudiate the test contended for by appellants even where the claimants are adults. A well-reasoned case along this line is *Stoica v. Swift & Co.,* 100 Neb. 434, 160 N. W. 964. See, also, *Jackson v. Hunslet Engine Co., Ltd.,* 113 Law T. 630; *Roylance v. Can. Pac. R. Co.,* 14 B. C. 20; *Gailey v. Peet Bros. Mfg. Co.,* 98 Kan. 55, 157 P. 431; *London Guarantee & Accident Co. v. Industrial Commission,* 70 Colo. 256, 199 P. 962; *De Zeng Standard Co. v. Pressey,* 86 N. J. Law, 469, 92 A. 278; *O'Callaghan v. Industrial Commission,* 290 Ill. 222, 124 N. E. 811; *Honnold on Workmen's Compensation,* page 582."

This court in *Jirout v. Gebelein,* 142 Md. 697, 121 A. 831, 833, speaking through Judge Briscoe, said: "While the theory of the compensation law is not to award compensation for pain and suffering as such, where there is resultant incapacity by reason of pain and suffering, compensation will be allowed and awarded for impairment of the employee's earning capacity or of his ability to secure work in the labor markets of the world. *Honnold on Workmen's Com-*

*pensation,* vol. 1, 581-635; *Jensen v. Southern Pacific Co.,* 215 N. Y. 514, 109 N. E. 600; *Connors v. Semet-Solvay Co.,* 94 Misc. 405, 159 N. Y. S. 431."

The question therefore is: Has the claimant's earning power been impaired by the injury complained of? This question should not, we think, be solely determined by the amount of wages he may thereafter receive, not in resumption of the work done by him at the time of his accident, which he is unable to do, but for other and lighter work assigned to him by his employer, with no obligation resting upon the latter to continue the claimant's work at those wages. The employer, may, at any time, discharge him, thereby throwing him upon the labor market, wherein he will be subject to the handicap of the disability resulting from the injury for which he will have been awarded no compensation. This, we think, could hardly have been the intention of the statute.

Involved in this prayer of the plaintiff, and especially presented by defendant's prayer, is the question whether the commission, in ascertaining and awarding compensation for the injury to the claimant's side, followed the provision of section 36 of article 101 of the Code, applicable to the class of injuries under "Other cases," which states that "in this class of disability the compensation shall be fifty per centum of the difference between his average weekly wages and his wage-earning capacity thereafter in the same employment or otherwise, if less than before the accident (but not to exceed eighteen dollars per week) payable during the continuance of such partial disability, but not to exceed three thousand dollars, and subject to reconsideration of the degree of such impairment by the commission on its own motion or upon application of any party in interest."

The commission in its order directed the employer and insurer to pay unto the claimant "compensation at the rate of eighteen dollars per week payable weekly for the period of eighty-seven and one-half weeks for permanent partial disability occasioned by twenty-five per cent. loss of use of each leg, and fifty-five and five-ninths weeks for further permanent

partial disability under 'Other cases' not to exceed one thousand dollars.''

This last award is for injuries to claimant's side, and it is contended by the appellants that the award was not made in accordance with the statute; that is, that it was not made by ascertaining the difference between claimant's average weekly wages and his wage-earning capacity thereafter in the same employment, and awarding to him fifty per cent. of such difference. The award itself does not disclose how the commission reached the amount of compensation that was to be paid. Yet it cannot be said that it did not reach its conclusion as directed by the statute. The aggregate amount required by the order to be paid to the claimant is not in excess of $3,000, the limit fixed by the statute. The award provides for the payment of $1,000 and no more, which is within the sum allowed by the statute.

To ascertain the difference between claimant's average weekly wages and his wage-earning capacity thereafter in the same employment may be, and often is, difficult of accomplishment. For example, as in this case, where the claimant, after the injury suffered, was not able to follow "the same employment," and the wages he received thereafter were paid for services for other work. It would seem that all the commission could do in such case would be to ascertain from the evidence before it the extent of his disability and to determine from such disability how much his earning capacity had been diminished by the injury suffered by him resulting from the accident. The statute provides how the amount of compensation shall be arrived at, but there is nothing in the statute requiring the order or award to show that the amount of compensation was so ascertained, and, so far as we know, the statute may in this case have been fully complied with in respect to the method of ascertaining the compensation to be awarded.

The fact that the payment of compensation was extended over a definite number of weeks does not indicate that the statute was not followed as to its requirements in the ascertainment of compensation, especially in cases, like this, of

permanent partial disability. This provision of the statute is not one of recent origin, and we may say that, in all such cases heretofore passed on by the commission, so far as we are informed, the compensation has been awarded as here awarded; that is, by an allowance to claimant of compensation for so many weeks, the aggregate sum allowed not to exceed the sum named therein.

Because of the error pointed out in the claimant's first prayer, the judgment appealed from will be reversed.

*Judgment reversed, and new trial awarded, the appellee to pay the costs.*