JOHN GORMAN *v.* ATLANTIC GULF & PACIFIC COMPANY ET AL.

[No. 41, January Term, 1940.]

*Decided April 17, 1940.*

The cause was argued before BOND, C. J., OFFUTT, PARKE, SLOAN, MITCHELL, JOHNSON, and DELAPLAINE, JJ.

*Albert A. Levin,* with whom was *Omar D. Crothers, Jr.,* on the brief, for the appellant.

*William L. Marbury, Jr.,* and *Julian de Bruyn-Kops, Jr.,* with whom were *Marbury, Gosnell & Williams* on the brief, for the appellees.

PARKE, J., delivered the opinion of the Court.

In this case the workman was hurt in the course of his employment by an explosion, on January 31st, 1936, of

dynamite, which injured both feet, so that he was totally disabled from the time of the accident until May 8th, 1939. After the latter date, he had a permanent loss of use of his right foot. It was claimed, and the State Industrial Accident Commission found, that the workman had sustained other permanent partial disabilities. As a result of the hearing before the Commission, it was held that the workman was entitled to compensation (a) for temporary total disability to May 8th, 1939; (b) for permanent partial disability because of the loss of the use of his right foot for the period of one hundred and fifty weeks; and (c) for permanent partial disability under the sub-section which is headed by the term "Other Cases," for a further period of fifty-five and two-thirds weeks but not thereby to exceed the sum of $1000. As the workman had received $3400, for the period of his total disability, the whole of the compensation awarded and to be paid the workman under the order is $7100. The employer and assurer entered an appeal from this order. The case was submitted to the court, without a jury, on an agreed statement of facts, wherein it was stipulated that the Commission's findings of fact as to the workman's disability would stand as correct, and that the employer and assurer would rely upon the theory, which was presented by their prayers, that the limit of compensation which would be payable to the workman is $5000, and that because $3400 had been paid to him by his employer for temporary total disability, the workman was not entitled to receive any more than $1600 for permanent partial disability, which is the difference between the amount already received and the asserted limit of $5000.

Four issues of fact were submitted for the court's determination, and the court, pursuant to the agreement of the parties, found (1) that the workman's total disability ceased as of May 8th, 1939; (2) that he sustained a permanent partial disability by the loss of the use of his right foot; (3) that he sustained a permanent partial disability under "Other Cases" in addition to the loss of

the use of his right foot; (4) that the extent of the permanent partial disability under "Other Cases" was for fifty-five and two-thirds weeks, but not to exceed in amount $1000.

On the same basis of facts as those upon which the Commission acted, the Circuit Court for Cecil County differed with the Commission in reference to the compensation to be awarded, and passed an order in conformity with its construction of the law. The conclusion of the court was that the employer and insurer should pay the workman at the rate of $20 a week, from the 4th of February, 1936, until the 8th day of May, for temporary total disability, and thereafter at the rate of $18 a week for permanent partial disability for a period until the total sum paid the claimant for temporary total disability and permanent partial disability should equal the sum of $5000, whereupon all payments would cease.

With no provision of the Workmen's Compensation Law to that effect, the contention of the employer and assurer that the sum of $5000 is the limit of the total compensation to be paid to a workman who has sustained a compensable injury that had resulted in a temporary total disability which, later, had become a permanent partial disability rests, primarily, on the inference that the General Assembly of Maryland did not intend to permit the aggregate amount of compensation, to be paid during the period of temporary total disability and during the consecutive, sequential, period of permanent partial disability, to exceed the total sum of $5000, since that amount was the limit of compensation which could be awarded for a permanent total disability at the time the workman sustained his injury. Code [1935 Supp.], art. 101, sec. 36(1). It is conceded that the amendment of Acts of 1937, ch. 329, p. 639, afterwards increasing the maximum to $6000, does not apply to the present claim.

Whatever force inheres in the position that an award for a permanent total disability should not be exceeded by the aggregate awards allowable for the lesser result

of a temporary total disability, followed by a permanent partial disability, the court may not allow an inference to prevail against the manifest intention of the Legislature. A temporary total disability and a permanent total disability, a temporary partial disability and a permanent partial disability, are four different compensable results; and the measure of the compensation to be appropriately awarded in these instances as they may occur is not for the court to create nor to change. The court must declare the legislative intention as expressed by the statute to the exclusion of the suggested interpolations.

Thus, before the increase to $6000 by the passage of chapter 329 of the Acts of 1937, the total compensation in the event of a permanent total disability was limited to $5000. A different statutory maximum was set with reference to a temporary total disability. In such a case, sub-section (2) of section 36 of article 101 prescribed that compensation was not to continue more than six years from the date of the injury, nor to exceed $3750 in the aggregate. In the event of a disability partial in character but permanent in quality, the law provides by sub-section (3) of section 36 that the compensation shall be sixty-six and two-thirds per centum of the average weekly wages, in no case to exceed $18 per week, and not less than a minimum of $8 per week unless the employee's established weekly wages are less than $8 per week at the time of the injury, in which event he shall receive compensation equal to his full wages, but in no case to exceed $3750 in the aggregate and shall be paid to the employee for the period named in the schedule as follows:

"Thumb—For the loss of a thumb, fifty weeks.

\*         \*         \*         \*         \*

"Foot—For the loss of a foot, one hundred and fifty weeks."

At the conclusion of the schedule of specific periods of compensation for the loss of various members of the body; of hearing; of the permanent use of a hand, arm, foot, leg, or eye; and for amputations, there immediately

followed, until the passage of Chapter 487 of the Acts of 1935, this paragraph, which is here italicized:

*"The compensation for the foregoing specific injuries shall be paid in addition to, and consecutively with, the compensation hereinbefore provided in Sub-Section 2 of this Section."*

Next after this last-quoted paragraph, there followed the paragraph of sub-section (3), with the heading "Other Cases" and one in relation to "Disfigurements."

The wording of the paragraph here italicized was not modified in the slightest by chapter 487 of the Acts of 1935, whose sole effect on this paragraph was to drop it from the original position after the paragraph in sub-section 3 of section 36, bearing the caption "Amputations," to a lower place in the same section after the paragraphs headed "Other Cases" and "Disfigurements." This change of place has no significance so far as the present controversy is concerned, since the provisions involved remain applicable to the compensation for the specific injury of the loss of a foot in the original and amended statute. Code, art. 101, sec. 36, sub-sec. (3), p. 3132, and 1935 Supplement, art. 101, sec. 36, sub-sec. (3), pp. 1312, 1313.

The language used is precise and certain. It reads: "The compensation for the foregoing specific injuries shall be paid in addition to, and consecutively with, the compensation hereinbefore provided in Sub-Section 2 of this Section." The specific mandate of this act is too clear for doubt. The workman, who has sustained a temporary total disability and a permanent partial disability of a specific kind or nature, receives a separate award for each such disability. The one for his temporary total disability is granted pursuant to the provisions of sub-section (2) of section 36. For such an injury the workman is paid on the basis of his wages, but not to exceed an aggregate of $3750, nor for a longer period than six years from the date of the injury. The second award, for his permanent partial disability of a specified type, is given according to the terms of sub-section (3)

of section 36. It is in no case to exceed in the aggregate the sum of $3750. The compensation is to run consecutively with that awarded under sub-section (2), and is in addition to the sum received under that sub-section.

The language of the act leaves the meaning of this provision in no doubt. There is nothing in the statute in conflict with this meaning, and the history of the provision removes the possibility of misunderstanding. The Workman's Compensation Act in Maryland was enacted by chapter 800 of the Acts of 1914. In section 36 of that statute the scale of compensation was prescribed and sub-section (2) of section 36 had reference to temporary total disability and sub-section (3) dealt with cases of permanent partial disability much in the same manner as the present law. However, the paragraph in controversy on this appeal was not part of the original statute. Instead there was a provision in sub-section (3), at the close of the specific injuries listed with their respective measure in time of compensation, the very different declaration: "The compensation for the foregoing specific injuries shall be in lieu of all other compensations, except the benefits provided in Section 36 of this Act."

The benefits referred to were that, in addition to the compensation provided, the employer should furnish the injured employee such medical, surgical or other attendance or treatment, nurses, hospital services, crutches and apparatus as the Commission should require in an amount not to exceed $150; and funeral expenses, in case of death, but not to cost more than $75. This section is now section 37 of the subsisting act, and is substantially unchanged except that there is an increase in the original section. Acts of 1916, chs. 597, 368; Code of 1914, vol. 3; Code, 1918, vol. 4. The provision that the prescribed compensation for the list of specific injuries should be in lieu of all other compensation was in force until the passage of chapter 456 of the Acts of 1920, which completely and finally eliminated this limitation. Instead of continuing the limitation on the amount of compensation for the specific injuries scheduled, the

General Assembly provided that, where there was a temporary total disability, the compensation for a permanent partial disability from specified injuries should be in addition to the compensation allowed for the temporary total disability and be consecutively paid. If the two provisions are put in parallel columns, the legislative purpose is made plain beyond question.

| Before the Act of 1920 | After the Act of 1920 |
| --- | --- |
| The compensation for the foregoing specific injuries shall be *in lieu of all other compensation, except the benefits provided in Section 37 of Article 101.* | The compensation for the foregoing specific injuries shall be *paid in addition to, and consecutively with the compensation hereinbefore provided in Sub-Section 2 of this Section. (Section 36).* |

It may be added that this period of temporary total disability is the healing period, or the time during which the workman is wholly disabled and unable by reason of his injury to work. It is, therefore, a separate and unitary period of compensation, and as such is distinguished from a permanent partial disability.

So, there may be distinct, consecutive, and cumulative awards of compensation for the periods of temporary total disability and of permanent partial disability, under the Maryland Act, and other similar statutes. In illustration of this fact, it is stated by a careful and accurate source that "Schedule provisions may provide for payments in addition to the period of total disability (healing period), or may cover the entire allowance for the injury other than medical aid. Such payments are exclusive in nineteen States, and are in addition to the healing period in twenty-five." Maryland is one of the states in the larger group. *Workmen's Compensation Legislation of the United States and Canada as of July 1, 1926.* Bulletin No. 423 of the United States Bureau of Labor Statistics, pp. 68, 69. See *Sea Gull Specialty Co. v. Snyder,* 151 Md. 78, 81-86, 134 A. 133; *Coca-Cola Bottling Works v. Lilly,* 154 Md. 239, 247, 248, 140 A. 215; *Cambridge Mfg. Co. v. Johnson,* 160 Md. 248, 255, 153 A. 283; *Gratz v. Bethlehem Steel Co.,* 162 Md. 33, 35, 158 A. 30.

In addition to an award of compensation (a) for temporary total disability and, (b) consecutively, for permanent partial disability, the State Industrial Accident Commission granted, upon the expiration of the period of the payment of compensation for the permanent partial disability on account of the loss of use of the right foot, (c) compensation at the rate of $18 a week "for the further period of fifty-five and two-thirds weeks for permanent partial disability under "Other Cases" not to exceed $1000." In sub-section (3) of section 36, the statute first sets forth a schedule compensation for specified injuries to the members of the body of the workman, and to their uses and functions and then, under the caption "Other Cases" provides the compensation allowed "In all other cases in this class of disability." It does not appear from the record what was the other disability that was partial in character but permanent in quality and not embraced in the preceding schedule of specific injuries which the workman had sustained, but the record does show an agreed finding by the trial court that there was such another injury that had caused a permanent partial disability within the scope of "Other Cases," for which compensation at a weekly rate for fifty-five and two-thirds weeks should be paid, if it did not exceed $1000. The court here cannot assume that the finding of an issue of fact by the common consent of the parties is false, and the award by the Commission of this last compensation upon the basis of this finding of fact is, therefore, within the scope of the statute and pursuant to its terms. *Coca-Cola Bottling Works v. Lilly.* 154 Md. 239, 245-248, 140 A. 215; *Baltimore Publishing Co. v. Hendricks*, 156 Md. 74, 79, 80, 143 A. 654; *Baltimore Tube Company v. Dove*, 164 Md. 87, 99, 100, 164 A. 161.

For the reasons given, the trial court was in error in its rulings on the prayers, since the amount of compensation to the workman is not limited, on the agreed facts of this record, to the maximum allowable for permanent total disability. Nor does the court find any error in the order of the State Industrial Accident Commission from

80

which the appeal was taken to the Circuit Court. As the findings of fact are conceded, it will not be necessary for the case to be remanded for a new trial on the facts. The judgment of the trial court must be reversed, and the case remanded for an affirmance by the Circuit Court for Cecil County of the order passed on July 25th, 1939, by the State Industrial Accident Commission.

> *Order of the Circuit Court for Cecil County reversed, with costs to the appellant, and case remanded for an affirmance by the Circuit Court for Cecil County of the order of July 25th, 1939, passed by the State Industrial Accident Commission.*

DELAPLAINE, J., dissents.