KILBERG et al. v. VITCH et al.

(Supreme Court, Appellate Division, Third Department. January 5, 1916.)

1. MASTER AND SERVANT ⬤═250¾, New, vol. 16 Key-No. Series—WORKMEN'S COMPENSATION—AWARD—WAGES—PROBABLE INCREASE.

In making an award to the dependent mother and sister of a deceased employé, a boy 16 years old, the consideration by the Workmen's Compensation Commission of the probable increase of deceased's wages was proper, under the provision of section 14 of the Workmen's Compensation Law (Consol. Laws, 67) that the probable increase of wages of a minor may be so considered.

2. MASTER AND SERVANT ⬤═250¾, New, vol. 16 Key-No. Series—WORKMEN'S COMPENSATION—WAGES—PROBABLE INCREASE—FIXING AWARD.

The last sentence of section 16 of the Workmen's Compensation Act, "all questions of dependency shall be determined as of the time of the accident," does not forbid such consideration of probable wage increase by the commission, since such sentence relates only to the ascertainment of dependents.

Appeal from Workmen's Compensation Commission.

Proceeding under the Workmen's Compensation Act by Bessie Kilberg and Fannie Kilberg to recover for the death of Abe Kilberg, opposed by Morris L. Vitch, employer, and the Ætna Life Insurance Company, insurer. From the granting of an award, defendants appeal. Affirmed.

Argued before KELLOGG, P. J., and LYON, HOWARD, and WOODWARD, JJ.

James B. Henney, of New York City (Andrew J. Nellis and Merwyn H. Nellis, both of Albany, of counsel), for appellants.

Egburt E. Woodbury, Atty. Gen. (E. C. Aiken, Deputy Atty. Gen., and Jeremiah F. Connor, of New York City, of counsel), for respondents.

HOWARD, J. [1] The deceased in this case was a boy 16 years old. At the time of his death he was earning $5.50 a week. It appears from the evidence, and the Commission has found, that "as he progressed in his trade his wages at the end of two years would, under normal conditions, have increased to $12 per week, and upon arriving at his majority he would have earned in his trade from $12 to $18 per week." An award has been made to a dependent mother and sister.

The appellant does not dispute the facts, but contends against the consideration by the Commission of a probable increase in the wages of the deceased minor employé, and against an award based on such consideration. The Commission has assumed that its power to make the award appealed from arises from the language of section 14 of the act. The relevant parts of the section read as follows:

"Sec. 14. *Weekly Wages Basis of Compensation.* Except as otherwise provided in this chapter, the average weekly wages of the injured employé at the time of the injury shall be taken as the basis upon which to compute compensation or death benefits, and shall be determined as follows: * * * If it be established that the injured employé was a minor when injured, and that under normal conditions his wages would be expected to increase, the fact may be considered in arriving at his average weekly wages."

Arriving at his average weekly wages for what purpose? For the purpose of computing "compensation or *death benefits.*" This answer comes out of the first paragraph of section 14 itself. This is not the case of widely separated and apparently discordant sections of a statute, which the court is to attempt to harmonize. Here the language under consideration is all in one section and treats of one subject. Stripped of matters not germane to the subject in hand, we find that section 14 provides that the average weekly wages of the injured employé at the time of the injury shall be taken as the basis upon which to compute compensation or *death benefits,* and if the injured employé was a minor when injured, and under normal conditions his wages would be expected to increase, that fact may be considered in arriving at his average weekly wages. Therefore it follows that the Commission acted in accordance with the exact letter, as well as the spirit, of the law.

[2] The attempt of the appellant to invoke the last sentence of section 16 in support of its contention fails entirely, as we comprehend the statute. The sentence in question is as follows:

"All questions of dependency shall be determined as of the time of the accident."

This is simply a command to the Commission, whenever it attempts to ascertain who are dependents of a deceased employé, to take into consideration the circumstances at the time of the accident. It relates in no manner to the right of the Commission to consider the probable earning capacity of an injured employé who was a minor when hurt.

The award should be affirmed, with costs. All concur.