PER CURIAM.
This is a companion case to Floriland Farms, Inc., and Southern Farm Bureau Casualty Insurance Co. v. Peterman et al., Fla., 131 So.2d 477. A succinct statement of the facts will be found in the companion case. June 9, 1960, at the instance of the parties, the deputy commissioner held a hearing after which he entered an order, paragraph 16 of which, the only part involved in this appeal, is as follows:
“Claimants contend that employee’s weekly wage and the death benefits based thereon should be increased because of the provisions of F.S. 440.14 (4) which provides as follows:
“ ‘If it be established that the injured employee was a minor when injured, and that under normal conditions his wages should be expected to increase during the period of disability, that fact may be considered in arriving at his average weekly wages.’
“That section has no application to death cases. Because of the finality of death, there is no opportunity for one’s wages to be increased subsequently thereto, as one’s wages might be normally expected to increase during a period of disability following an injury, as distinguished from death.”
Petitioners filed cross-application for review of paragraph 16 by the full commis *480 sion. December IS, 1960, the full commission affirmed the ruling of the deputy commissioner. We are confronted with an appeal by certiorari from the order of the full commission.
The sole point presented for our determination is whether or not the provisions of § 440.14(4), Florida Statutes, F.S.A., as above quoted, are applicable to the determination of the average weekly wages of the deceased minor in this case.
Petitioners offer what they call a “logic argument,” a “statutory argument” and a “law argument,” wherein they come up with the contention that this question requires an affirmative answer. They support this contention with Schneider’s Workmen’s Compensation Law, Vol. 4, g 1177, p. 197, and what they call the landmark case on the point, Kilberg v. Vitch, 171 App.Div. 89, 156 N.Y.S. 971.
It is true that the last cited case affirmed the New York Commission’s finding of probable increase in the wages of a deceased minor employee, but Section 14 of New York Workmen’s Compensation Act on which the opinion was based is as follows :
“Except as otherwise provided in this chapter, the average weekly wages of the injured employee, at the time of the injury, shall be taken as the basis upon which to compute compensation or death benefits, and shall be determined as follows * * * ”
It will be seen by inspection of the two acts that the Florida and New York acts are very similar except that the New York act includes the words “or death benefits” which are omitted from the Florida act. A reading of the full opinion in the Kilberg case shows that it was bottomed on this difference in verbiage.
The fact that the Florida statute did not include “death benefits” would seem to be very strong evidence that they were not intended to be included in our statute, § 440.-14(4), Florida Statutes 1959, F.S.A. Under the Florida statute operation is limited to “period of disability” and there is no period of disability after death. There can be no stronger presumption of legislative intent than the omission from the act of words to include compensation for death benefits. In Florida Industrial Commission v. National Trucking Co., Fla.App.1958, 107 So.2d 397, the First District Court of Appeal recognized this interpretation; the Florida Industrial Commission has given a like interpretation to the Florida act and petitioners have not carried the burden of showing that any of these rulings are clearly erroneous.
For the reasons so stated, the ruling of the Florida Industrial Commission was free from error so the petition for certiorari is denied.
THOMAS, C. J., and TERRELL, HOBSON, ROBERTS, DREW, THOR-NAL and O’CONNELL, JJ., concur.