◼ In the Matter of the Claim of EMILY BERGER, Respondent, v. JOHN BERCZELEY, Doing Business as JOHNNY SHELL, et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board awarding death benefits to the mother of the deceased employee. On August 8, 1963, decedent, then age 20, was shot and killed during a holdup at the gas station at which he was employed. Appellants on this appeal dispute the board's finding that the claimant mother was dependent and its determination to increase the benefits awarded to reflect the decedent's maximum wage expectancy. The question of dependency is factual (*Matter of Martorana* v. *Tensolite Insulated Wire Co.*, 14 A D 2d 462), and thus if there is substantial evidence to support the board's determination, it must be upheld (*Matter of Bridges* v. *Merritt-Chapman & Scott Corp.*, 11 A D 2d 854, mot. for lv. to app. den. 8 N Y 2d 708). We find on the instant record sufficient proof of decedent's family's weekly income and expenses to support the board's holding that decedent's weekly contributions were relied on by claimant to maintain her accustomed mode of living and substantially necessary to the continuance of that standard (e.g., *Matter of Horn* v. *Curtiss-Wright Corp.*, 297 N. Y. 667; *Matter of Schosek* v. *Certain-Teed Prods. Corp.*, 273 App. Div. 1043). Appellants assert, however, that expenses connected with the operations of decedent's automobile and mortgage payments on property owned by decedent's father in Ohio were improperly included in arriving at the total weekly expenses and that without the inclusion of such expenses there would be no deficiency. In our view the board could properly find as a valid expense item the cost of maintaining an old secondhand automobile, especially since the proof indicates it was used primarily not for decedent's pleasure but to transport him to his employment and thus was inci-

dental to the production of family income. Similarly, the board could find, in the exercise of its fact-finding power, that the mortgage payments were being made in reasonable anticipation of the father's retirement and thus were legitimate items of family expense (*Matter of Gryder* v. *Flat Iron Window Cleaning Co.*, 18 A D 2d 1042; cf. *Matter of Fetta* v. *Tynan & Co.*, 11 A D 2d 879; *Matter of Frey* v. *McLoughlin Bros.*, 187 App. Div. 824). Finally we find no merit in appellants' argument that subdivision 5 of section 16 of the Workmen's Compensation Law precludes the board's utilization of a wage-expectancy figure as prescribed by subdivision 5 of section 14 (*Matter of Kilberg* v. *Vitch*, 171 App. Div. 89). Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Taylor and Hamm, JJ., concur.