**BANK OF AMERICA, Plaintiff-Appellee,**
v.
**John M. WEBSTER, Defendant-Appellant.**
**No. 26581.**

United States Court of Appeals,
Ninth Circuit.
April 1, 1971.

Olen W. Burnett, Agana, Guam, for defendant-appellant.

John J. Carniato, of Bohn & Carniato, Walnut Creek, Cal., of Arriola, Bohn & Dierking, Agana, Guam, for plaintiff-appellee.

Before MERRILL, HUFSTEDLER, and KILKENNY, Circuit Judges.

PER CURIAM:

Webster appeals from an order of the district court dismissing his appeal from an order of the Island Court of Guam on the ground of lack of jurisdiction.

The Island Court of Guam granted a default judgment against Webster upon his promissory note in favor of the Bank of America. Thereafter, the

Bank obtained an order from the Island Court to compel Webster to pay the judgment in installments out of income. Webster's attempted appeal was from the order of payment entered after supplementary proceedings in the Island Court. The district court held that it had no jurisdiction to entertain an appeal from an order in supplementary proceedings under the provisions of the applicable Guam Code. We agree.

Title I, Chapter II, section 63 of the Guam Code of Civil Procedure enumerates, by part and title, those matters that are appealable to the district court. Part II, Title IX, Executions, under which the supplementary proceedings were conducted, is not listed. Appellant argues that section 63 permits the appeal because it refers to Title XII, which, in turn, contains section 936, providing generally for appeal in all civil cases, except those in which the decisions are made final by the Guam Code. Therefore, he says, an appeal lies from all decisions in civil cases unless an appeal is expressly foreclosed by statute. The general terms of section 936 do not control the specific language of section 63. Thus to construe sections 63 and 936 would read the enumeration of section 63 out of the statute. As we pointed out in Corn v. Guam Coral Co. (9th Cir. 1963) 318 F. 2d 622, 631, a civil appeal will not lie if the judgment, order, or decree is expressly made final by the Guam Code, or if the matter is not "susceptible of district court review." A judgment, order, or decree is not susceptible of district court review if it is not one of the classes stated in section 63.

The Guam Code was adapted from the California Code of Civil Procedure. The California Code had a specific provision for appeals from "any special order made after final judgment" (Cal.Code Civ.Proc. § 963(2)); Guam omitted that provision from its Code. We cannot assume that the omission was not deliberate or that Guam intended to add by general provision that which it had deleted from specific enumeration.

The order is affirmed.