Robert A. BALL, et al., Plaintiffs,

v.

TOKYU LAND CORPORATION, MICRONESIA, et al., Defendants.

TOKYU LAND CORPORATION, MICRONESIA, Cross-Plaintiff/Appellee,

v.

BLACK CONSTRUCTION CORPORATION, Cross-Defendant/Appellant.

No. 83–1819.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 15, 1983.

Decided Jan. 31, 1984.

E.R. Crain, Agana, Guam, for cross-plaintiff/appellee.

Howard K. Hoddick, Honolulu, Hawaii, for cross-defendant/appellant.

Before WRIGHT, CHOY, and POOLE, Circuit Judges.

CHOY, Circuit Judge:

Black Construction Corporation appeals from the Guam superior court's denial of its

motion to stay judicial proceedings pending arbitration. A three-judge panel of the District Court of Guam, Appellate Division, dismissed the appeal for lack of subject matter jurisdiction under section 62 of the Guam Code of Civil Procedure. We reverse the district court's dismissal of the action.

## I. STATEMENT OF FACTS

Tokyu Land Corporation ("Tokyu Land") developed and Black Construction Corporation ("Black") constructed a housing tract in Guam. On August 23, 1976, the purchasers of homes in that housing tract brought suit in Guam superior court against Black and Tokyu Land for alleged construction defects. The home purchasers alleged breach of contract, breach of warranty and negligence theories. Tokyu Land subsequently filed a crossclaim against Black on April 23, 1979, and Black counterclaimed against Tokyu Land on May 14, 1979.

On July 7, 1979, Tokyu Land and the plaintiff home purchasers stipulated that Tokyu Land would repair the housing defects. In exchange, the home purchasers agreed to resolve all their claims against Tokyu Land, and to assign Tokyu Land their claims against Black.

The contract between Black and Tokyu Land for the housing tract mandates arbitration between the parties for "[a]ll claims, disputes and other matters in question arising out of, or relating to, this Contract or the breach thereof." Accordingly, Black filed a motion in Guam superior court on November 17, 1980, to stay the proceedings pending arbitration.

The superior court denied the motion and the District Court of Guam dismissed Black's subsequent appeal for lack of subject matter jurisdiction. Black asks this court to review the district court's dismissal of Black's appeal.

## II. DISCUSSION

### A. *Standard of Review*

■ The District Court of Guam reviews Guam superior court decisions as a local court of appeals. We therefore must give a high degree of deference to the court's determination of local law, custom and policy and cannot overturn the determination if it is "based upon a tenable theory and is not inescapably wrong or manifest error." *Schenck v. Government of Guam*, 609 F.2d 387, 390 (9th Cir.1979); *see Island Equipment Land Co. v. Guam Economic Development Authority*, 474 F.2d 753, 755 (9th Cir. 1973); *Gumataotao v. Government of Guam*, 322 F.2d 580, 582 (9th Cir.1963). In the present case, we may reverse the district court's dismissal of Black's action only if its interpretation of Guam Code of Civil Procedure section 62 is "inescapably wrong or manifest error."

### B. *Appealability Under Section 62*

Section 62 of the Guam Code of Civil Procedure defines the appellate jurisdiction of the District Court of Guam when it sits as a local court reviewing Guam superior court decisions. It provides:

> The Supreme Court shall have jurisdiction of appeals from the judgments, orders and decrees of the Superior Court in criminal cases as provided in the Penal Code, Part II, Title VIII; and in civil causes and proceedings as provided in the Code of Civil Procedure Part II, Title XII, Chapters I and II; and Part III, Title I, Chapter V; and Part III, Title II, Chapter IV; and Part III, Title VII, Chapter XII, and the Probate Code, Division III, Chapter XXI, Article IV; and Division IV, Chapter XVI. The Supreme Court shall have jurisdiction of all appeals arising from the judgments, final decrees or final orders of the Superior Court or any division thereof.

Guam Code of Civil Procedure § 62 (Supp. 1974).

Before the enactment of section 62, the district court derived its appellate jurisdiction from former section 63 of the Guam Code of Civil Procedure. Section 62 refers to "Supreme Court" jurisdiction because the Guam legislature wanted to transfer appellate jurisdiction from the district court to the Guam supreme court by replacing former section 63 with section 62. *Guam v.*

*Olsen,* 431 U.S. 195, 197–98, 97 S.Ct. 1774, 1776–1777, 52 L.Ed.2d 250 (1977). The United States Supreme Court, however, held that the Guam legislature could not divest the Guam district court of its appellate jurisdiction. *Id.* at 201, 97 S.Ct. at 1778.

Tokyu Land argues that the district court may not review the superior court's denial of Black's motion to stay proceedings because the action is not enumerated under section 62. The superior court's authority to consider Black's motion to stay proceedings comes from the Civil Arbitration Act, which is contained in Part IV of the Code of Civil Procedure. The Guam legislature omitted Part IV of the Code of Civil Procedure from section 62's list of appealable actions. Tokyu Land concludes that the legislature deliberately excluded actions arising under the Civil Arbitration Act from the district court's appellate jurisdiction.

Tokyu Land relies on *Bank of America v. Webster,* 439 F.2d 691 (9th Cir.1971) (per curiam), for the proposition that the District Court of Guam may review only those matters specifically stated in section 62. In *Webster,* the Island Court of Guam granted Bank of America a default judgment against Webster upon his promissory note. After supplementary proceedings, the island court ordered Webster to pay Bank of America the judgment in installments. Webster attempted to appeal from this order, but the District Court of Guam dismissed the appeal for lack of jurisdiction under section 63 of the Guam Code of Civil Procedure. Because supplementary proceedings were not listed in section 63, the court held that the order was not appealable. *Id.* at 692. Webster contended that section 936 of the Code of Civil Procedure, providing generally for appeal in civil cases, covered the supplementary proceedings and, as one of the enumerated matters under section 63, gave the district court appellate jurisdiction in his case. The court rejected this argument because "[t]he general terms of section 936 do not control the specific language of section 63." *Id.*

*Webster* involved an appeal to the district court from the Island Court of Guam under the authority of section 62's predecessor, former section 63 of the Guam Code of Civil Procedure. Section 62 confers essentially the same appellate jurisdiction to the district court as did former section 63. *Guam v. Olsen,* 431 U.S. at 198, 97 S.Ct. at 1777. Because the Guam legislature reenacted section 63 without substantive changes, judicial interpretations of section 63, including *Webster,* control the interpretation of section 62. *See Lorillard v. Pons,* 434 U.S. 575, 580, 98 S.Ct. 866, 870, 55 L.Ed.2d 40 (1978).

Nonetheless, *Webster* is distinguishable from the present case. *Webster* only requires that an action fall within one of the specifically enumerated matters of section 62. Although section 62 does not list the Civil Arbitration Act, Black's action to stay proceedings is appealable so long as it is specified somewhere under section 62. Section 62 does include Title XII, Chapter 1, section 936.1(f), which authorizes an appeal in a civil action or proceeding "[f]rom an order granting or dissolving an injunction, or refusing to grant or dissolve an injunction . . . ." Guam Code of Civil Procedure § 936.1(f) (Supp.1974). Unlike the defendant in *Webster,* Black does not point to a general provision to assert appellate jurisdiction, but rather specifies section 936.1(f) as conferring the district court's jurisdiction over denials of injunctions.

We are unable to find any Guam cases interpreting section 936.1(f). Section 936.1(f), however, is similar to 28 U.S.C. § 1292(a)(1), which confers jurisdiction on the courts of appeals to review district court orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions . . . ."

■ Under section 1292(a)(1), denials of motions to stay proceedings pending arbitration, while not final judgments, *Alexander v. Pacific Maritime Association,* 332 F.2d 266, 267 (9th Cir.1964), are under some circumstances equivalent to denials of injunctions and appealable as such. *Mediter-*

ranean *Enterprises, Inc. v. Ssangyong Corp.,* 708 F.2d 1458, 1462 (9th Cir.1983); *Danford v. Schwabacher,* 488 F.2d 454, 455 (9th Cir.1973). This court has applied a two-pronged test to determine the appealability of orders staying or refusing to stay proceedings. First, the test requires that the action in which the motion for a stay was made could have been maintained as an action at law before the merger of law and equity. Second, the stay must have been sought to permit prior determination of an equitable defense. *Mediterranean Enterprises,* 708 F.2d at 1462; *Danford,* 488 F.2d at 455.

 Black's motion to stay proceedings meets both prongs of the test and therefore, by analogy to section 1292(a)(1), may properly be characterized as a motion for an injunction. The first prong is met because Tokyu Land's claims against Black are for breach of contract, breach of warranty and negligence. These claims are legal in nature. *See Mediterranean Enterprises,* 708 F.2d at 1462; *Danford,* 488 F.2d at 457 (complaint did not meet test where predominantly equitable, rather than legal). The second prong is also met because Black's reliance upon an arbitration agreement to avoid immediate litigation is an equitable defense. *See Shanferoke Corp. v. Westchester Corp.,* 293 U.S. 449, 452, 55 S.Ct. 313, 314–315 (1935); *Mediterranean Enterprises,* 708 F.2d at 1462; *Danford,* 488 F.2d at 456. The Guam district court therefore has jurisdiction to review the superior court's denial of Black's motion to stay proceedings, and erred by refusing to hear Black's appeal.

### III. DISPOSITION

We conclude that the district court's dismissal of Black's appeal for lack of jurisdiction under section 62 was "inescapably wrong or manifest error." The district court based its holding on the "untenable theory" that the Guam legislature intended the denial of Black's motion to stay proceedings to be unappealable by excluding the Civil Arbitration Act from section 62. Black's motion to stay proceedings pending

arbitration is clearly injunctive in nature. Because denials of injunctions are appealable under section 62, the district court has jurisdiction to review the superior court's denial of Black's motion.

REVERSED and REMANDED.