**Charles (NMN) BOKIS, III, and Melva Sue Bokis, Plaintiffs,**

v.

**CHAMPION FINANCIAL CORPORATION, a California corporation, Defendant.**

**No. CIV–84–2238–W.**

United States District Court, W.D. Oklahoma.

May 13, 1985.

Gary R. Morris, Morris, Bailey, Sumner, Schem & Associates, Midwest City, Okl., Rex K. Travis, Oklahoma City, Okl., for plaintiffs.

Michael L. Darrah, Huckaby, Fleming, Frailey, Chaffin & Darrah, Oklahoma City, Okl., for defendant.

## ORDER

LEE R. WEST, District Judge.

Plaintiffs, Charles (NMN) Bokis III, and Melva Sue Bokis, tenants, have sued their landlord, Champion Financial Corporation, for damages resulting from a fall in a common area of the leased premises. Defendant has moved for summary judgment, to which motion plaintiffs have responded.

Defendant bases its motion on the theory that it had no legal duty toward plaintiff, since the holes into which plaintiff stepped were known to plaintiff prior to the accident, and plaintiff has the status of a business invitee. All authority cited by defendant is prior to 1978, the effective date of the Oklahoma Residential Landlord and Tenant Act, 41 O.S. §§ 101 et seq. (1981). In that legislation, the Oklahoma Legislature enacted a comprehensive scheme for governing the relations between landlords and tenants of residential property.

Section 118 of the Act imposes a series of obligations on the landlord of residential property, which includes:

... "A. A landlord shall at all times during the tenancy:

1. Except in the case of the single-family residence, keep all common areas of his building, grounds, facilities and appurtenances in a clean, safe and sanitary condition."

It seems obvious that this provision places defendant under a more stringent duty than that of merely protecting from hidden traps, snares and pitfalls, which rule was applied by the Supreme Court of Oklahoma in *Harrod v. Baggett*, 418 P.2d 652 (Okla. 1966), twenty-two years before the legislative reforms brought about by the Oklahoma Residential Landlord Tenant Act.

The provision of the Oklahoma Residential Landlord Tenant Act which imposes the duty on the landlord to provide safe conditions in common areas is taken directly from the Uniform Residential Landlord and Tenant Act, § 2.104. The comments of the Commissioners on Uniform State Laws appended to this Act explain the section as follows:

"Vital interests of the parties and public under modern urban conditions require the proper maintenance and operation of housing. It is thus necessary that minimum duties of landlords and tenants be set forth. Generally duties of repair and maintenance of the dwelling unit *and the premises* are imposed upon the landlord by this section. Major repairs, even access, to essential systems outside the dwelling unit are beyond the capacity of the tenant." (Emphasis added.)

The provisions of the Oklahoma statute also reflect the law as it has developed over the nation in regard to the responsibilities of landlords to provide safe housing. The Restatement of the Law, Second, Property, § 17.3 provides as follows:

"A landlord who leases a part of his property and retains in his own control any other part the tenant is entitled to use as appurtenant to the part leased to him, is subject to liability to his tenant and others lawfully upon the leased property with the consent of the tenant or a subtenant for physical harm caused by a dangerous condition upon that part of the leased property retained in the landlord's control, if the landlord by the exercise of reasonable care could have:

(1) discovered the condition and the unreasonable risk involved therein; and

(2) made the condition safe."

The comment to this section states that the rule applies "not only to the hall, stairs, elevators and other approaches to the part of the property leased to the tenant ...", which would clearly encompass the place in which plaintiff's accident occurred in the instant case.

The comment continues:

c. *Landlord's knowledge of the dangerous condition.* The rule stated in this section applies only to dangerous conditions which the landlord knows about or could have discovered by the exercise of reasonable care. The state of the landlord's actual knowledge may be determined by the implications of his actions. Beyond this, the landlord is accountable for dangerous conditions which he could have discovered by the exercise of reasonable care. The state of the landlord's knowledge is important not only with regard to the physical condition of the areas in question but also with regard to the specific uses of the areas by the tenant which may create dangers in themselves. For purposes of determining the state of the landlord's knowledge, the knowledge of the landlord's agents is imputed to the landlord.

\* \* \* \* \* \*

This is virtually identical with the provisions found in Section 360 of the Restatement of Torts. Both of the Restatement rules, according to the reporters for the Restatement of the Law, Second, Property, reflect the prevailing rule of law in the United States.

The Oklahoma law relating to liability of a landlord to the tenant, who has been characterized as a business invitee, was not consistent with the weight of authority. *See, e.g., Turner v. Rector*, 544 P.2d 507

(Okla.1975). The legislature, in enacting the comprehensive act to govern the residential rental transaction, had a primary concern for the protection of both parties to the transaction, and to the improvement of the quality of rental housing. This Court finds, therefore, that Section 118 of the Oklahoma Residential Landlord Tenant Act has as its underlying basis the majority rule enunciated by the Restatements of Property and Torts.

■ Having ascertained that there is a higher duty imposed upon defendant by statute than under the cases cited by defendant, the Court will further consider whether, assuming such duty exists, there are no facts in dispute. A motion for summary judgment will be granted when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). The deposition testimony submitted with defendant's motion, and the allegations of the pleadings do not reflect the absence of factual dispute necessary for the granting of a summary judgment. The Court must construe the facts in the way most favorable to the nonmoving party. *United States v. Diebold, Inc,* 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). Summary judgment is appropriate only when there are no genuine issues of material fact present in the case. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

Defendant's Motion for Summary Judgment is therefore DENIED.