Marilyn **WEATHERALL**, Appellant,

v.

**YORKTOWN HOMEOWNER'S ASSOCIATION, INC.,**
**Defendant,**

and

**Real Estate Control Corporation,**
**Appellee.**

**No. 77711.**

Court of Appeals of Oklahoma,
Division No. 1.

March 30, 1993.

Keith P. Connell and Michael H. Brady, Oklahoma City, for appellant.

Mark E. Bialick and Regena K. McNeill, Durbin, Larimore & Bialick, Oklahoma City, for appellee.

MEMORANDUM OPINION

ADAMS, Presiding Judge:

Marilyn Weatherall fractured her ankle when she fell on the ice and snow accumulated on the sidewalk outside her apartment. Weatherall sued Yorktown Homeowner's Association, Inc. (Yorktown) and Real Estate Control Corporation (REC),

which entities she alleged owned and operated the apartment complex, and claimed their negligence cause her injuries. REC moved for summary judgment, contending it had no duty concerning an open and obvious hazard like snow and ice accumulation. The trial court agreed and entered judgment in favor of REC. Weatherall appeals.[1]

Weatherall argues summary adjudication was inappropriate because the trial court failed to recognize that the Oklahoma Residential Landlord and Tenant Act, 41 O.S. 1991 § 101, et seq., imposed a higher duty on REC than the common law. She also claims there were unresolved questions of fact whether the ice on which she slipped was an open and obvious condition.

As noted by Weatherall, 41 O.S.1991 § 118(A)(1) requires a landlord of residential property, other than a single family residence, to "keep all common areas of his building, grounds facilities and appurtenances in a clean, safe and sanitary condition." Relying on *Bokis v. Champion Financial Corp.*, 608 F.Supp. 585 (W.D.Okla.1985), Weatherall argues this section abrogated the common law rule applied in *Turner v. Rector*, 544 P.2d 507 (Okla.1975). According to *Turner*, a landlord has no duty to the tenant concerning natural accumulations of ice and snow. *Bokis*, which was not an snow and ice case, concluded § 118(A)(1) imposed a higher duty on a landlord than the common law duty.

However, the common law remains in full force and effect unless a statute explicitly provides to the contrary. *Tate v. Browning–Ferris, Inc.*, 833 P.2d 1218 (Okla.1992). *Bokis* overlooks this rule of statutory construction, but we may not do so. Nothing in this section explicitly indicates a landlord's duty to maintain common areas in a "safe" condition requires anything more than fulfilling the common law duty. The trial court did not err in considering REC's liability to be limited by the common law rule stated in *Turner*.

In addressing Weatherall's claim that summary adjudication was inappropriate even if the common law rule applies, we must examine the pleadings, depositions, affidavits and other evidentiary materials submitted by the parties and affirm if there is no genuine issue as to any material fact and REC is entitled to judgment as a matter of law. *Perry v. Green*, 468 P.2d 483 (Okla.1970). All inferences and conclusions to be drawn from the evidentiary materials must be viewed in a light most favorable to Weatherall. *Ross v. City of Shawnee*, 683 P.2d 535 (Okla.1984).

The material facts are undisputed. Weatherall's fall was caused by a natural accumulation of ice. Weatherall was aware of the weather conditions the night before and the morning of her fall. On these undisputed facts, *Turner* requires judgment in favor of REC, and the trial court did not err in so concluding.

AFFIRMED.

GARRETT and JONES, JJ., concur.

---

1. After this court noted the absence of the express finding required by 12 O.S.1991 § 1006 whenever a trial court adjudicates fewer than all of the claims or the rights and liabilities of fewer than all of the parties, the parties obtained an order making such a finding and amended the record pursuant to Rule 1.24(b), Rules on Perfecting a Civil Appeal, 12 O.S.1991 Ch. 15, App. 2 to include that order.