Art KIRCHNER and Edie Kirchner, Plaintiffs–Appellants,

v.

CHATTANOOGA CHOO CHOO, a Hawaiian Limited Partnership, Defendant–Appellee.

No. 92–6346.

United States Court of Appeals, Tenth Circuit.

Nov. 30, 1993.

———————

Jack S. Dawson (Kelly A. George and James A. Scimeca, with him on the briefs), Miller, Dollarhide, Dawson & Shaw, Oklahoma City, OK, for plaintiffs-appellants.

Lana Cohlmia, Culp, Heath & Sushnik, Oklahoma City, OK, for defendant-appellee.

Before LOGAN and MOORE, Circuit Judges, and BROWN, District Judge.*

JOHN P. MOORE, Circuit Judge.

Art Kirchner fell on ice outside his apartment and sued his landlord, Chattanooga

---

* The Honorable Wesley E. Brown, Senior District Judge for the United States District Court for the District of Kansas, sitting by designation.

Choo Choo, for damages. At trial, the jury decided against Mr. Kirchner on his common law claim but for him on his claim under the Oklahoma Residential Landlord and Tenant Act, Okla.Stat. tit. 41, §§ 101–136 (1991) (the Act). The court subsequently granted defendant's motion for judgment notwithstanding the verdict on the statutory claim. Mr. Kirchner appeals arguing the Oklahoma statute alters the common law by increasing the duty a landlord owes tenants and provides a tort remedy for personal injuries caused by a landlord's breach of that statutory duty. We disagree and affirm the district court's decision.

In January 1991, Mr. Kirchner slipped and fell on ice hidden beneath a puddle of water on the sidewalk in front of his apartment. He filed a personal injury suit against Chattanooga Choo Choo asserting violations of the common law and the Act. In his statutory claim, plaintiff contended the Act imposes on landlords a higher duty than the common law to keep common areas in a safe condition. Chattanooga Choo Choo breached this duty, thus entitling Mr. Kirchner to damages for his personal injuries. After the jury found Chattanooga Choo Choo liable under the Act but not the common law, Chattanooga filed a motion for judgment notwithstanding the verdict. The motion alleged the Act does not provide a tort remedy for personal injuries. The district court granted the motion.

■■■■ We review *de novo* a district court's determination of state law. *Mountain Fuel Supply v. Reliance Ins. Co.*, 933 F.2d 882, 889 (10th Cir.1991) (citation omitted). The Act, except as otherwise provided, "applies to, regulates and determines rights, obligations and remedies under a rental agreement ... for a dwelling unit located within this state." Okla.Stat. tit. 41, § 103(A). Pursuant to the Act, a landlord of a dwelling, other than a single-family residence, must "keep all common areas of his building, grounds, facilities and appurtenances in a clean, safe and sanitary condition." Okla. Stat. tit. 41, § 118(A)(1). If a landlord breaches this duty and thus "materially" affects health or safety, the tenant, after notifying the landlord and receiving no cure, may

terminate the lease or, where the breach implicates health, may make inexpensive repairs and deduct their cost from the rent. Okla.Stat. tit. 41, § 121(A)–(B).

The Oklahoma Supreme Court has never reached the issue of whether the Act provides a damage remedy for violations resulting in personal injury. However, the Oklahoma Court of Appeals recently answered this question in a case resembling Mr. Kirchner's. In *Weatherall v. Yorktown Homeowners Ass'n*, 852 P.2d 815 (Okla.Ct.App. 1993), the tenant fell on ice and snow outside her apartment and sued the companies that owned and managed the building for personal injuries. The tenant claimed the Act's mandate requiring landlords to keep common areas in "a clean, safe and sanitary condition" altered the common law by imposing a higher duty of care. *Id.* at 816 (citing Okla.Stat. tit. 41, § 118(A)(1)). The appellate court disagreed reasoning the common law remains effective unless a statute explicitly changes it. *Id.* (citing *Tate v. Browning–Ferris, Inc.*, 833 P.2d 1218 (Okla.1992)). According to *Weatherall*, nothing in section 118(A)(1) indicates "safe" condition requires more than satisfying the common law duty. Therefore, the court upheld a summary judgment order in favor of one of the defendants. We find the reasoning of *Weatherall* persuasive.

We reach the same conclusion under the district court's reasoning as well. The Oklahoma legislature promulgated the Residential Landlord and Tenant Act to regulate the contractual rights of residential landlords and tenants. *See* Okla.Stat. tit. 41, § 103(A). It does not alter the common law regarding personal injury and, therefore, does not expand a landlord's duties.

■■■■ Also, the Act does not specifically create an action for damages for personal injuries. The legislature modeled Oklahoma's law on the Uniform Residential Landlord and Tenant Act, §§ 1.101–6.104, 7B U.L.A. 432 (1974), but did not include a provision existing in the uniform act which explicitly provides for damages. § 4.101(b) (amended 1974) (Supp.1993). Where a legislature models an act on another statute but does not include a specific provision in the original, a strong presumption exists that the legisla-

ture intended to omit that provision. *See, e.g., Bank of America v. Webster,* 439 F.2d 691, 692 (9th Cir.1971) ("We cannot assume that the omission [in the Guam Code of Civil Procedure of a provision in the California Code on which it was based] was not deliberate or that Guam intended to add by general provision that which it had deleted from specific enumeration."); *Crane Co. v. Richardson Constr. Co.,* 312 F.2d 269, 270 (5th Cir. 1963) (citing *Peterman v. Floriland Farms, Inc.,* 131 So.2d 479, 480 (Fla.1961)) (Florida Supreme Court held legislature's adoption of only a portion of another state's statute creates strong presumption of legislative intent to omit from Florida law the disregarded portion of the earlier statute).

The Oklahoma Supreme Court has employed another rule of statutory construction which says the inclusion of one thing in a statute implies the exclusion of another. *Holbert v. Echeverria,* 744 P.2d 960, 965 (Okla.1987). According to this rule, because the Oklahoma legislature did not provide for damages for personal injury in its enumeration of tenant remedies, Okla.Stat. tit. 41, § 121, the legislature did not intend to make damages available.

From these rules, we conclude the Act does not provide damages for personal injuries caused by a breach of any duty a landlord might owe under the statute. We believe, therefore, the district court's analysis is correct,[1] and it properly granted judgment notwithstanding the verdict.

**AFFIRMED.**

---

1. Our conclusion conflicts with *Bokis v. Champion Fin. Corp.,* 608 F.Supp. 585 (W.D.Okla.1985) (Oklahoma Residential Landlord and Tenant Act imposes higher duty of care than common law), which we believe was incorrectly decided.